IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
INTIME STAFFING, LLC,        )
                             )
       Plaintiff,            )
                             )      CIVIL ACTION NO.
       v.                    )      2:23cv113-MHT
                             )           (WO)
MEDICAL INDUSTRIES OF THE    )
AMERICAS, INC.,              )
                             )
       Defendant.            )
```

ORDER

The allegations of the complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332(a).

The complaint here is insufficient because it does not indicate the citizenship of a party that is a 'limited liability company': plaintiff InTime Staffing, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint must therefore allege "the citizenships of all the members of the limited liability company." *Id.* (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until March 14, 2023, to amend the complaint to allege jurisdiction sufficiently; otherwise, this lawsuit shall be

2

dismissed without prejudice.

DONE, this the 28th day of February, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE