IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


INTIME STAFFING, LLC,          )
                               )
        Plaintiff,             )
                               )          CIVIL ACTION NO.
        v.                     )          2:23cv113-MHT
                               )             (WO)
MEDICAL INDUSTRIES OF THE      )
AMERICAS, INC.,                )
                               )
        Defendant.             )

OPINION AND ORDER

Plaintiff Intime Staffing, LLC filed this case against defendant Medical Industries of the Americas, Inc., seeking payment of past-due invoices under various state-law theories. This case is before the court for review of subject-matter jurisdiction. Plaintiff asserts that the court has original jurisdiction of this matter based on diversity of citizenship under 28 U.S.C. § 1332. The court previously gave plaintiff an opportunity to replead the complaint to allege citizenship properly. Because the allegations of the amended complaint are insufficient

to invoke this court's original jurisdiction under 28
U.S.C. § 1332, the case will be dismissed, albeit
without prejudice.

To invoke original jurisdiction based on diversity,
the complaint must distinctly and affirmatively allege
each party's citizenship. *See McGovern v. American
Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per
curiam).* The allegations must show that the
citizenship of each plaintiff is different from that of
each defendant. *See* 28 U.S.C. § 1332(a).

The original complaint was insufficient because it
did not indicate properly the citizenship of a party
that is a 'limited liability company': plaintiff InTime
Staffing, LLC. The complaint asserted that "InTime
Staffing is a limited liability company that was formed
under the laws of Florida with its principal place of

---

* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

business located in Birmingham, Alabama." Complaint
(Doc. 1). While these allegations would suffice were
Intime a corporation, this information is not germane
to the determination of citizenship of a limited
liability company. "[L]ike a limited partnership, a
limited liability company is a citizen of any state of
which a member of the company is a citizen." *Rolling
Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374
F.3d 1020, 1022 (11th Cir. 2004). The complaint must
therefore allege "the citizenships of all the members
of the limited liability company" in order to establish
citizenship. *Id.*

The court entered an order granting plaintiff an
opportunity to replead the complaint to allege
jurisdiction properly and warned that, if plaintiff
failed to do so, the case would be dismissed without
prejudice. *See* Order (Doc. 6). Plaintiff then filed
an amended complaint (Doc. 7).

The amended complaint fails to correct the error of

3

its original complaint. "To sufficiently allege the citizenship[] of ...[a limited liability company], a party must list the citizenships of all the members of the limited liability company." *Rolling Greens MHP*, 374 F.3d at 1022. Instead of doing so, plaintiff simply added the following sentence to its original insufficient citizenship allegation: "For the purposes of diversity jurisdiction, InTime Staffing is a citizen of the State of Alabama." Amended Complaint (Doc. 6) at 1. This is plainly insufficient to meet the requirement of listing the citizenships of its members. Therefore, the case will be dismissed.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that this case is dismissed without prejudice for lack of subject-matter jurisdiction.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment

pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is closed.

DONE, this the 20th day of March, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE